UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MATTHEW ALLEN THOMPSON,      )
                         )
      Petitioner,        )
                         )
v.                       )      No.  1:17-CV-212-JRG-SKL
                         )
STATE OF TENNESSEE DEPARTMENT   )
OF PAROLE and HERBERT H.      )
SLATERY, III, Attorney General for the   )
State of Tennessee,         )
                         )
      Respondents.      )


**MEMORANDUM and ORDER**


Matthew Allen Thompson ("Petitioner"), brings this fee-paid pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254[Doc. 1].  Petitioner is challenging the legality of his confinement pursuant to his 1983 Hamilton County, Tennessee convictions for second-degree burglary and for being a habitual criminal [*Id.*].  Petitioner is serving a life sentence under those convictions [*Id.*].

The Clerk is **DIRECTED** to serve copies of the petition and this Order upon the Attorney General for the State of Tennessee.[1]  Since it does not plainly appear from the face of

---

[1]      The proper respondent in a habeas corpus case is the state officer having custody of a petitioner.  *See* Rule 2, Rules Governing Section 2254 Cases In The United States District Courts.  Typically, that individual is the warden of the prison wherein a petitioner is confined.  *See* Advisory Committee Notes to 1976 Adoption (commenting that the proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions).  In this case, Petitioner does not identify the prison wherein he is confined.  The return address on the envelope containing his petition listed Petitioner's address as Goodlettesville, TN 37072-8940.  The website of the Tennessee Department of Correction ("TDOC") does not show a TDOC prison located in

the petition that it should be summarily dismissed, Respondent is **ORDERED** to answer or otherwise respond to the petition within thirty (30) days from the date of this Order. Rule 4 of the Rules Governing Section 2254 Cases. Respondent should address specifically whether the petition was timely filed and whether Petitioner has exhausted his available state court remedies. 28 U.S.C. §§ 2244(d), 2254(b).

Although a reply is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within thirty (30) days from the date Respondent files his answer with the Court. Rule 5(e) of the Rules Governing Section 2254 Cases. Any reply should not exceed twenty-five pages, must directly reply to the points and authorities in the Warden's answer, and must not to be used to reargue the points and authorities included in the petition or to present any new issues. *See* E.D. Tenn. L.R. 7.1(b), and (c).

**SO ORDERED.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

Goodlettsville. The only other address the Court has been able to find for petitioner is the Wartburg, Tennessee address listed as Petitioner's address in *State v. Thompson*, No. E201601562CCAR3CD, 2017 WL 2859816 (Tenn. Crim. App. July 5, 2017). Morgan County Correctional Complex, a TDOC facility, is located in Wartburg, Tennessee. *See Online* https://www.tn.gov/correction/article/tdoc-morgan-county-correctional-complex (last visited Aug. 10, 2017). The Court will substitute Petitioner's current custodian as the correct respondent when Petitioner identifies that person.
.